UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKEY A. TAYLOR,

    Plaintiff,

v.                                                                                                Case No. 18-C-1661

MILWAUKEE COUNTY COURTHOUSE,

    Defendant.

## SCREENING ORDER

Plaintiff Rickey A. Taylor, who is representing himself, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights by sentencing him to prison for possession of a firearm by a felon. ECF No. 1. He also filed a motion seeking leave to proceed without prepayment of the filing fee. ECF No. 2.

This case is currently assigned to U.S. Magistrate Judge Nancy Joseph; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court judge for the limited purpose of screening the complaint. Thus, this order resolves the plaintiff's motion and screens his complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing

fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee the court may allow him to pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id*.

On October 24, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $26.07. ECF No 5. The plaintiff paid that fee on November 8, 2018. Therefore, the court will grant his motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

### SCREENING THE PLAINTIFF'S COMPLAINT

**A.     Federal Screening Standard**

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 the plaintiff must allege that 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was caused by the defendants acting under color of state law. *Buchanan-Moore v. Cty. of*

2

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.     Analysis of Complaint**

Construed liberally, the plaintiff asserts in his complaint that he has been unconstitutionally labeled a felon for life and that because of this label he was sentenced to prison for exercising his Second Amendment right to possess a firearm. He names the Milwaukee County Courthouse as a defendant and seeks to be set free from prison "immediately," have all of his constitutional rights restored, have the felony for being a felon-in-possession of a firearm removed, and be awarded compensatory and punitive damages. However, not only is his claim barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), it fails as a matter of law.

The plaintiff is essentially challenging his state court conviction, a challenge that cannot be brought through an action for damages under 42 U.S.C. § 1983. "Challenges to the validity of any confinement . . . are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A plaintiff may not pursue an action under § 1983 if a judgment by this court would necessarily imply the invalidity of a criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal writ of *habeas corpus*. *Heck*, 512 U.S. at 487. In such a case, a plaintiff's sole remedy is a writ of *habeas corpus* under § 2254.

Not only would the plaintiff's § 1983 claim implicitly question the validity of his conviction but that appears to be the entire purpose for his lawsuit—to challenge his underlying conviction. The court will not *sua sponte* convert the plaintiff's case from a § 1983 claim to a habeas action. *See Wilks v. Rymarkiewicz*, 667 F. App'x 549, 551 (7th Cir. 2016) (citing *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996)).

Yet, even if his claims were not barred by the *Heck* doctrine, they still fail to state a claim. *See Polzin v. Gage*, 636 F.3d 834, 837–38 (7th Cir. 2011) (holding that a district court may bypass *Heck* and address the merits of the case). To be clear, a felon is a person that has committed a felony. *See Currier v. Virginia*, 138 S. Ct. 2144, 2160 (2018) (noting that the felon aspect of the felon-in-possession charge was based on the plaintiff's prior felony convictions); *see also United States v. Davis*, 896 F.3d 784, 790 (7th Cir. 2018) (noting that to be convicted of a felon in possession of a firearm, the person has to have committed a prior felony); *Bowens v. Quinn*, 561 F.3d 671, 674 (7th Cir. 2009) (noting that felons are person that were convicted of felonies). A person may no longer be considered a felon if he is able to and does have the underlying felony conviction removed or expunged. *See generally Bowens*, 561 F.3d at 674. Aside from that, the person remains a felon because he has at one time been convicted of a felony. The plaintiff fails to assert that he has had his underlying felony conviction—the felony serving as the basis for the felon aspect of his felon-in-possession conviction—removed or expunged. Moreover, court records indicate that the plaintiff's felony convictions from 1995, 1999, 2000, and 2002 remain on his record. *See* Wisconsin Department of Corrections–Offender Locator, https://appsdoc.wi.gov/lop/detail.do (last visited Nov. 14, 2018); *see also Daw v. Consol. City of Indianapolis & Marion Cty.*, 734 F. App'x 357, 358 (7th Cir. 2018) ("state-court judgment was a

4

matter of public record and therefore a permissible subject for judicial notice"). Thus, the plaintiff's status as a felon remains.

Further, generally,

> the Constitution does not prevent either the federal or state governments from limiting a convicted felon's civil rights, including the right to carry a firearm, *see Dist. of Columbia v. Heller*, 128 S. Ct. 2783, 2816–17 (2008) (holding Second Amendment does not bar prohibitions on possession of firearms by felons), and the right to vote or hold public office, *see Richardson v. Ramirez*, 418 U.S. 24, 56 (1974) (holding Fourteenth Amendment does not prevent states from permanently disenfranchising felons); *see also Romer v. Evans*, 517 U.S. 620, 634 (1996) (recognizing that a convicted felon may be denied the right to vote).

*Smith v. President of the United States*, No. 08-CV-956, 2009 WL 2591624, at *2 (E.D. Wis. Aug. 21, 2009). Such limits are presumed valid. *Baer v. Lynch*, 636 Fed. App'x 695, 697 (7th Cir. 2016) (citing *United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010)). The Seventh Circuit has "left open the possibility that a felon might be able to rebut that presumption [of validity] by showing that a ban on possession is overbroad as applied to him." *Id.* (citing *United States v. Williams*, 616 F.3d 685, 693 (7th Cir. 2010) (suggesting that "§ 922(g)(1) may be subject to an overbreadth challenge at some point because of its qualifications of all felons, including those who are non-violent")). However, "as to violent felons, the statute does survive intermediate scrutiny . . . because the prohibition on gun possession is substantially related to the government's interest in keeping those most likely to misuse firearms from obtaining them." *Id.* (citing *United States v. Shields*, 789 F.3d 733, 750–51 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 420; *Williams*, 616 F.3d at 692–93)). Notwithstanding his subsequent felony convictions, as early as 1995, the plaintiff was convicted under Wis. Stat. § 940.19(3) for causing "substantial bodily harm to another by an act done with intent to cause substantial bodily harm to that person or another," a Class D felony. *See* WISCONSIN

5

DEPARTMENT OF CORRECTIONS–OFFENDER LOCATOR, https://appsdoc.wi.gov/lop/detail.do (last visited Nov. 14, 2018). Thus, the imposition of the ban as applied to the plaintiff would seem to be valid under current case law.

Notwithstanding these failings, the plaintiff cannot bring a claim against the Milwaukee County Courthouse because it not a person—it is not an individual subject to suit under § 1983. *Andreola v. Wisconsin*, 211 F. App'x 495, 497 (7th Cir. 2006) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)); 42 U.S.C. § 1983. And to the extent he seeks to bring his claim against Judge Janet Protasiewicz, considering he states that "she sentenced [him] to prison," the claim would still fail. Judicial immunity provides judges absolute immunity from their judicial acts, even if they act maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity is not for the protection or benefit of a corrupt or malicious judge, but rather for the benefit of the public, which has as interest in having a judiciary that is free to exercise its judicial functions without the fear of harassment by unsatisfied litigants. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Therefore, Judge Protasiewicz has absolute judicial immunity for the judicial actions she took and her ultimate decision to accept the plaintiff's guilty plea of being a felon-in-possession of a firearm and sentence him to prison.

The plaintiff, therefore, has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claim. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

## Conclusion

**THEREFORE, IT IS ORDERED** that the plaintiff's motion to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) as frivolous. *See Mineau v. Van Hecke,* No. 17-C-1305, 2017 WL 6805644, at *3 (E.D. Wis. Oct. 20, 2017) (citing *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (explaining that a complaint barred by *Heck* is considered legally frivolous and counts as a strike)).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $323.93 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with his remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated this _14th_ day of November, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court